U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 17 2011
CLERK, U.S. DISTRICT COURT
by ____________
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENNETH AND PAMELA ABASOLO, §
§
Plaintiffs, §
§
VS. § NO. 4:11-CV-729-A
§
SUNTRUST MORTGAGE, INC., §
§
Defendant. §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On October 3, 2011, the above-captioned action was initiated by Kenneth and Pamela Abasolo against defendant, Suntrust Mortgage, Inc., in the District Court of Tarrant County, Texas, 342nd Judicial District. By notice of removal filed October 13, 2011, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity

of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Defendant contended in the notice of removal that "[t]he face of the petition reveals that the amount in controversy exceeds $75,000.00." Notice of Removal at 3. This conclusion was based on plaintiffs' request for injunctive relief, as well as the unspecified amount of damages plaintiffs sought as to their state law claims. Defendant argued that where, as here, a plaintiff seeks to retain or reclaim an interest in real property, the amount in controversy is the value of the property, rather than the plaintiff's equity therein. Thus, in defendant's view, because the Tarrant Central Appraisal District purportedly appraised the property at $167,900.00, that amount, alone or combined with plaintiffs' other potential recovery, satisfied the amount in controversy.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on October 20, 2011, ordered defendant to file an amended notice of

removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendant timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery

sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiffs make vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiffs contends they "allegedly" signed a deed of trust to secure a promissory note on the subject property. Notice of Removal, Ex. 1 at 2. Defendant has provided a copy of the deed of trust, apparently signed by both

plaintiffs, which would seem to negate the "allegedly" portion of the pleadings. Even without such evidence, however, other allegations in the petition make clear that plaintiffs have made payments pursuant to the note, and have sought defendant's forbearance in order to bring current the amounts alleged to be past due. Such allegations are tantamount to plaintiffs' admission that any claims they may have to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property.

Although plaintiffs alleged that defendant is not the holder of the original note and dispute defendant's right to foreclose, nothing in the petition could lead to the conclusion that plaintiffs are the holder of the original note, or that plaintiffs would be entitled to enjoin foreclosure and eviction by whoever holds the original note.

Defendant relies in part on Nationstar Mortgage LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), a case which is not precedent, to support its argument as to the amount in

controversy. The pertinent portion of Nationstar, in turn, relies on Waller v. Professional Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action, see Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendant has failed to persuade the court otherwise.

Defendant also attempts to distinguish this court's holding in Ballew by arguing that the plaintiffs in Ballew sought to forestall foreclosure during the pendency of their lawsuit, while the plaintiffs here seek permanent injunctive relief. A comparison of the state court pleadings in Ballew with those in the instant action, however, find that the plaintiffs in both cases sought almost identical relief. The court thus finds that its reasoning in Ballew is also applicable to the instant action.

Defendant also cites numerous other decisions, all non-binding on this court, where other district courts have been persuaded by arguments similar to those made now by defendant.

Many of the decisions cited by defendant relied to some extent on Nationstar, discussed supra. The court fails to find the reasoning of those cases persuasive.

Although defendant has provided the court with documents purporting to show that the appraised value of the property exceeds $75,000, the authorities cited in the amended notice of removal fail to persuade the court that such constitutes the amount in controversy.

No information has been provided to the court that would enable the court to place a value on whatever interest plaintiffs seek to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED November 17, 2011.

JOHN McBRYDE
United States District Judge